## The City of Gibson v. Belle Murray.

1. INSTRUCTION—*when inaccuracy of, harmless error.* The inaccuracy of an instruction will not reverse where its meaning is indicated by the series of instructions given and where the evidence is of such a character as to negative any inference of harm resulting.

2. INSTRUCTION—*upon suffering, not erroneous.* Notwithstanding an instruction in an action for personal injuries may not with technical accuracy limit the right to allow damages for pain and suffering, to that which arises by reason of the injury complained of, yet if such inference follows from a reading of all instructions given, reversal will not follow.

3. ORDINANCE—*what improper in action for injury resulting from sidewalk.* In such a case it is improper to admit an ordinance which provides that the street superintendent "shall see that the same (streets) are kept in good and safe condition of repair."

4. EVIDENCE—*what, proper, upon question of damages.* Evidence

City of Gibson v. Murray.

of a surgical operation upon the plaintiff performed after the institution of the suit, is competent.

5. REMARKS OF COUNSEL—*when, will not reverse.*  Improper remarks of counsel in argument will not reverse where objection thereto has been sustained and the jury directed to disregard the same, and the jury apparently did so.

6. EXECUTION—*when award of, improper.*  The award of an execution against a municipal corporation is improper.

Action on the case for personal injuries.  Appeal from the Circuit Court of Ford County; the Hon. ROBERT HILSCHER, Judge, presiding. Heard in this court at the November term, 1904.  Affirmed.  Opinion filed April 20, 1905.

CLOUD & THOMPSON, for appellant.

L. A. CRANSTON and A. L. PHILLIPS, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a suit by Belle Murray against the city of Gibson for the recovery of damages for injuries received by her by reason of the alleged negligence of the city in permitting a certain sidewalk within the city to become out of repair, by means whereof she, in passing over the same, fell and was hurt.  Upon a trial by jury a verdict was rendered for plaintiff in the sum of $3,000 upon which the court, after overruling a motion for a new trial, entered judgment.  The sidewalk when built consisted of three stringers and planks laid crosswise thereon.  At the time and place where the accident occurred several of the planks had become entirely loose from the stringers and lay lengthwise of the walk across the opening.  There was a ditch of the depth of from eighteen inches to three feet beneath these loose planks.  The space which had been covered by these loose planks was of the width of three to four feet. As the plaintiff was walking over this place, one of the boards turned or flew up and she went down astride the board with her feet down in the ditch but not touching the bottom and she was severely injured.

Our attention is called by counsel for appellant to several alleged errors, to all of which we have given consideration.  It is claimed that the first instruction given for

plaintiff informs the jury that it was the duty of appellant to keep the sidewalk in question "in good and safe condition." We do not so read the instruction. It states that it was the duty of the city to use all reasonable care to keep the walk in good and safe condition, and it conditions the finding by the jury of negligence on the part of the city upon their finding that the city did not use reasonable care to keep the walk in good and safe condition and that thereby the walk became defective and unsafe. The instruction is not precisely accurate. It should read that the duty of the city was to use reasonable care to keep the walk in reasonably safe condition, but when the entire series of instructions given in the cause is read, it appears clear that the jury could not have been misled by the inaccuracy in plaintiff's first; and when the evidence bearing upon the subject of negligence of defendant is read, it becomes certain that defendant received no harm from that defect in the instruction. The proof on the part of plaintiff shows beyond controversy, and there is none by defendant to rebut it, that the walk was in loose, broken-up and dangerous condition and had been so for a year or longer, that the city had actual knowledge of its condition, that its street superintendent had been notified of its condition and requested to fix it more than a year before the plaintiff was injured. It is manifest from the evidence not only that the walk was not in good and safe condition, but that it was in very bad, unsafe and dangerous condition, and had been by the city so allowed to remain after actual knowledge thereof and more than abundant time to repair it. Under such condition of proof it would be trifling with the rights of citizens to reverse and remand this cause for another trial on account of the alleged error in that instruction.

In this connection it is also urged as error that the court allowed plaintiff to introduce ordinances of the city of Gibson in evidence, which prescribe as among the duties of the street superintendent over streets, alleys and sidewalks, that he "shall see that the same are kept in good safe con-

dition of repair." The ordinances should not have been admitted, but what has been above said relative to the instruction complained of applied with equal force to the matter of admitting the ordinances.

Upon the matter of the damages found by the jury, it is contended that the court erred in giving plaintiff's third instruction, and also in admitting evidence of a second surgical operation performed upon plaintiff after the suit was begun; and that counsel for plaintiff in his discussion to the jury used improper language calculated to arouse the prejudices of the jury and unjustly increase the amount of the verdict. The plaintiff's third instruction informs the jury that if they find the issue for the plaintiff, " then the jury have the right to find for her such an amount of damages as the jury believe from the evidence will compensate her for the personal injury so received and her expenses necessarily incurred in respect thereto, if any such expense has been proved, and also for the pain and suffering undergone by her, if any is proved by the evidence." The criticism made of the instruction is that it does not limit the recovery for pain and suffering to that which was produced by the injury. Technical precision would require the insertion of the words " by reason thereof" after the word " her " in the last line of the instruction. We cannot see that the jury were probably misled by this instruction. Any ordinary person reading the instruction would understand that the only damages to be taken into consideration were those originating in, produced by, resulting from, the injury received. Moreover the instructions given in behalf of defendant fully, sharply and repeatedly defined the limits within which the consideration of the jury should be confined in arriving at the damages, and directed that plaintiff in no event would be entitled to recover anything for any injury, illness, suffering or expense not shown by a preponderance of the evidence to have been produced or incurred in consequence of and as the proximate result of plaintiff's fall. We discover no error committed by the court in admitting proof by the surgeon of the second op-

eration performed, and what conditions he then found in plaintiff, and their cause, in his opinion.

The remark made by counsel was: "If this suit had not been brought until after the second examination the damages would have been ten thousand dollars." Defendant's counsel objected to the remark, and the court then stated to the jury that it was altogether improper and directed them to disregard it. We do not think that the amount of the verdict indicated that the jury were in any degree influenced by the remark in arriving at the verdict. They seem to have followed the direction of the court and disregarded it.

At the request of the defendant the jury were required to make answer to the following interrogatory: "Could the plaintiff, by the exercise of due and ordinary care as defined in the instructions given you, have avoided the fall and injury mentioned in her declaration and the evidence?" To which interrogatory the jury returned the answer "No." We are requested to reverse this judgment on the ground that plaintiff was guilty of negligence at the time of her injury. In view of the general verdict of the jury, their special finding upon the above-mentioned material question of fact, and our careful consideration of the evidence in the case, we are compelled to refuse the request. The court awarded execution against the defendant. This was error, but such as may be and will be corrected in this court.

The defendant was guilty of great negligence, the plaintiff was very seriously injured thereby, has suffered and still suffers great pain therefrom, has been twice subjected to the surgeon's knife and compelled to be at large expense in attempting to be cured. The verdict is not unreasonably large. No substantial error was committed in the trial of the cause. The judgment is right except in awarding execution. In that respect it will be corrected here and the Ford County Circuit Court directed to amend its record to the same effect, and as so corrected the judgment will be affirmed.

*Affirmed.*